```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TURNER CONSTRUCTION COMPANY and NEW
YORK CITY ECONOMIC DEVELOPMENT
CORPORATION,

                Plaintiffs,

-v-

HARLEYSVILLE INSURANCE COMPANY OF NEW
YORK and HARLEYSVILLE WORCESTER
INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------------X

14-CV-8014 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Turner Construction Company ("Turner") and New York City Economic Development Corporation ("NYCEDC") (collectively, "Plaintiffs") filed this breach-of-contract and declaratory judgment action in New York Supreme Court. Thereafter, Defendants Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company ("Defendants") removed the case to this Court. Plaintiffs now move to remand the case back to the court in which it was filed. For the reasons that follow, Plaintiffs' motion is GRANTED.

## BACKGROUND

      The following background is taken from Plaintiffs' Complaint and relevant affirmations submitted by the parties. *See, e.g.*, *Kunstenaar v. Hertz Vehicles, LLC*, No. 14-CV-1101 (PAE), 2014 WL 1485843, at *1 n.1 (S.D.N.Y. Apr. 14, 2014) (considering a party's declaration and attached documents in determining whether a defendant's removal was timely).

This case arises out of a personal injury lawsuit filed by Anthony and Lorraine DeVito in New York Supreme Court. In the suit, filed on July 25, 2013, the DeVitos sued Turner and NYCEDC for injuries allegedly suffered by Mr. DeVito at a construction site owned by NYCEDC, for which Turner served as construction manager. (Att'y Affirmation Opp'n Pls.' Mot. To Remand (Docket No. 16) ("Peiper Affirmation"), Ex. A ¶¶ 19-26, 63, 81-83; Affirmation Supp. Mot. To Remand (Docket No. 8) ("Vita Affirmation"), Ex. A ¶¶ 4, 15). Turner and NYCEDC, in turn, filed this action in New York Supreme Court, on May 15, 2014, seeking — among other relief — indemnification pursuant to general liability insurance policies supplied to DeVito's employer, Egg Electric, which served as a subcontractor for Turner in the construction project at issue. (Vita Affirmation, Ex. A ¶¶ 4-13, 32).

Significantly, Plaintiffs' original summons and complaint did not name Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company as defendants. Instead, they named only Harleysville Insurance Company — a different entity — as the defendant. (Vita Affirmation, Ex. A). On July 14, 2014, counsel for Harleysville Insurance Company advised Plaintiffs that Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company — Defendants here — had issued the relevant insurance policies, and that Harleysville Insurance Company was therefore not the proper defendant. (Peiper Affirmation, Ex. B). As counsel for Harleysville Insurance Company represented Defendants as well, counsel for all relevant parties then agreed to a stipulation (the "Stipulation") allowing Plaintiffs to amend their complaint and supplement their summons to remove Harleysville Insurance Company as a defendant and add Defendants. (Peiper Affirmation, Ex. B; Vita Affirmation, Ex. B). On August 5, 2014, Plaintiffs filed the stipulation along with an Amended

Complaint.  (Peiper Affirmation, Ex. C).  Seven days later, on August 12, 2014, Defendants were served with the Amended Complaint.  (Vita Affirmation, Ex. D).

On August 19, 2014, Plaintiffs — having noticed that the docket of the case included Defendants, but also still included Harleysville Insurance Company — filed a Notice to the County Clerk for Amendment of Caption.  (Peiper Affirmation, Ex. C; Reply Mem. Defs.' Opp'n Pls.' Mot. For Remand (Docket No. 18) ("Pls.' Reply Mem."), Ex. A ("Barrese Affirmation") ¶¶ 15-16).  Two days later, on August 21, 2014, the County Clerk informed counsel for Plaintiffs that the Clerk's Office was returning the Notice to the County Clerk for Amendment of Caption, explaining that Harleysville Insurance Company could not be removed from the docket because no appearance had been entered on its behalf.  (Barrese Affirmation ¶ 17; *see* Peiper Affirmation, Ex. C).  On September 5, 2014, after multiple requests from Plaintiffs' counsel, counsel to Harleysville Insurance Company finally entered a notice of appearance.  (Peiper Affirmation, Ex. D at 2-3; *id*., Ex. C).  Later the same day, Plaintiffs re-filed the Stipulation, now styled as one "Amending Complaint & Caption."  (Peiper Affirmation, Ex. C).  Defendants filed their Answer on September 26, 2014, and, on that same day, filed a Notice of Removal in state court.  (Peiper Affirmation, Ex. C).  Defendants' Notice of Removal was filed with this Court on October 3, 2014.  (Docket No. 1).

On October 21, 2014, Plaintiffs filed a motion to remand this case to state court.  (Docket No. 7).  In their memorandum of law, Plaintiffs argued that Defendants' removal was untimely because, since the Supplemental Summons and Amended Complaint were served on Defendants on August 12, 2014, Defendants' filing of the Notice of Removal with this Court on October 3, 2014 was well beyond the 30-day time limit prescribed by 28 U.S.C. § 1446(b)(1).  (Mem. Law Supp. Pls.' Mot. Remand (Docket No. 9) ("Pls.' Mem.") 3).  In their opposition to Plaintiffs'

motion, Defendants contended that their removal was in fact timely because the Stipulation and Amended Complaint were "rejected and returned to Plaintiffs on August 19, 2014." (Defs.' Mem. Law Opp'n Pls.' Mot. To Remand (Docket No. 13) ("Defs.' Mem.") 2). Accordingly, Defendants contended, their time to remove the case thus did not begin to run until Plaintiffs re-filed the Stipulation on September 5, 2014. (*Id.*)

## DISCUSSION

Plaintiffs argue that this case should be remanded to New York Supreme Court because Defendants' removal was untimely. Title 28, United States Code, Section 1446(b)(1) provides that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The question in this case is when the "clock" for this thirty-day period began to run. According to Plaintiffs, it began to run on August 12, 2014, when Defendants were initially served with the Supplemental Summons and Amended Complaint. (Pls.' Mem. 3). According to Defendants, it did not begin to run on that date, because the Stipulation and Amended Complaint were "rejected and returned to Plaintiffs" by the County Clerk; instead, it began to run on September 5, 2014, when Plaintiffs re-filed the Stipulation styled as a stipulation "Amending Complaint & Caption." (Defs.' Mem. 2). As Defendants put it, "they could not remove an action to which they were never a party; and, they were never a party until the New York County Clerk's Office accepted the Stipulation creating the Amended Complaint." (Defs.' Mem. 1).

There is some force to Defendants' legal argument that, the plain language of Section 1446(b)(1) notwithstanding, the mere "receipt" of an initial pleading that is not accepted for filing does not start the removal "clock." For example, although there is little case law

4

addressing incorrectly filed initial pleadings in the context of Section 1446(b)(1), courts interpreting the analogous removal time period in Section 1446(c)(3) have held that the period does not begin to run until "the actual and *effective* amendment of the complaint." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (emphasis added); *see also McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011). The primary problem with Defendants' argument is not the law, but the facts. From a review of the record, the Court finds that the County Clerk did not reject the Amended Complaint, as Defendants contend. According to the New York Supreme Court "Document List" — in essence, the state-court docket sheet — the Supplemental Summons and Amended Complaint adding Defendants were "[p]rocessed" on August 5, 2014. (Peiper Affirmation, Ex. C at Docket Nos. 7-8). Only one document was rejected ("[r]eturned for [c]orrection") by the County Clerk: the "Notice to County Clerk — Amendment of Caption." (*Id.* at Docket No. 15). In other words, it was not the Stipulation and Amended Complaint adding Defendants to the action that were rejected by the Clerk's Office — they were accepted and filed on August 5, 2014; instead, it was Plaintiffs' request that the case caption be amended to remove Harleysville Insurance Company.

That conclusion is corroborated by Defendants' counsel's own conduct in state court. Notably, when counsel finally entered a Notice of Appearance on behalf of Harleysville Insurance Company — the act that enabled Plaintiffs to re-file the Stipulation — he captioned his Notice with the caption, as amended by the Amended Complaint, to wit: "Turner Construction Company and New York City Economic Development Corporation . . . vs. Harleysville Insurance Company of New York and Harleysville Worcester Insurance Company." (Peiper Affirmation, Ex. E). That filing undermines Defendants' contention they were not parties to the action until after Plaintiffs re-filed the Stipulation, as the caption — and the Clerk's

acceptance of the document corresponding to the caption on the Amended Complaint rather than the original Complaint — is an indication that the Amended Complaint had been properly filed and was operative.  It follows that Defendants' time to remove the action began to run on August 12, 2014, when they were served with the previously filed Amended Complaint (Vita Affirmation, Ex. D; Peiper Affirmation, Ex. C), and that the Notice of Removal filed on October 3, 2014 (Docket No. 1) was untimely.

For the foregoing reasons, the Court concludes that remand is necessary.  Nevertheless, the Court rejects Plaintiffs' request for attorney's fees pursuant to Title 28, United States Code, Section 1447(c), which authorizes a court issuing a remand order to impose "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Although the award of attorney's fees is "discretionary in the first instance," *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992), "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court cannot say that Defendants lacked an "objectively reasonable basis for seeking removal," if only because Plaintiffs themselves created ambiguity by captioning the Stipulation upon re-filing it on September 5, 2014, a "Stipulation to Amend Complaint and Caption."  (Peiper Affirmation, Ex. C). Considering "the nature of the case [and] the circumstances of the remand," as well as "the effect on the parties," *Prescia v. U.S. Life Ins. Co. in City of New York*, No. 10-CV-2518 (KMW), 2011 WL 70569, at *2 (S.D.N.Y. Jan. 6, 2011) (internal quotation marks omitted), the Court declines to exercise its discretion to award attorney's fees in this case.

**CONCLUSION**

For the reasons stated above, the plaintiff's motion to remand (Docket No. 7) is GRANTED. The Clerk of Court is directed to terminate Docket No. 7; to remand this case to New York Supreme Court, County of New York, for further proceedings; and to close the case.

SO ORDERED.

Date: November 25, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge